## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF VIRGINIA
#### Richmond Division

UNITED STATES OF AMERICA       )
                                     )
v.                                 )   Criminal No.: 3:11CR128-1–HEH
                                   )   Civil Action No.: 3:12CV799–HEH
AYODELE ADEWALE ONASANYA,   )
                                     )
       Petitioner.               )

### MEMORANDUM OPINION
#### (Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence)

Petitioner Ayodele Adewale Onsanya ("Onasanya"), a federal inmate proceeding *pro se*, entered a plea of guilty in this Court on September 19, 2011, to Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. § 1349, pursuant to a plea agreement. On December 19, 2011, Onasanya was sentenced to 87 months of imprisonment, followed by five years of supervised release. He was also ordered by the Court to pay restitution in the amount of $349,538.54. Onasanya neither noted nor perfected an appeal to the United States Court of Appeals for the Fourth Circuit.[1] Onasanya is currently serving his sentence at the Federal Correctional Institution Gilmer in Glenville, West Virginia.

The case is presently before the Court on Onasanya's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("§ 2255 Mot.", ECF No. 98), which was timely filed. The United States has filed a memorandum supporting its position opposing the relief sought by Onasanya. Although Onasanya styles his claims as ineffective assistance of counsel, they are, in essence, a thinly cloaked vehicle for

---

[1] Onasanya's plea agreement contained a specific provision waiving his right of appeal.

challenging the application of certain sentencing guideline enhancements in his case. The record in this case fails to support any of Onasanya's contentions. His perception of ineffectiveness flows from his misunderstanding of the law and misconstruction of the evidence.

This Court's analysis begins with recognition of the well-settled principle that unless a claim alleges a lack of jurisdiction or constitutional error, the scope of collateral review is limited. *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976). As Chief Justice Rehnquist noted in *Brecht v. Abrahamson*, "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness. . . . Accordingly, it hardly bears repeating that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." 507 U.S. 619, 633–34 (1993) (internal quotation marks and citations omitted). Accordingly, errors of law do not typically provide a basis for habeas relief under 28 U.S.C. § 2255 unless it constitutes "a fundamental defect which inherently results in a complete miscarriage of justice . . . ." *United States v. Timmreck*, 441 U.S. 780, 783 (1979).

The overarching claim in Onasanya's petition is that he received ineffective assistance from his trial counsel during the sentencing proceeding. He contends that counsel (1) failed to object to his failure to receive one additional point for acceptance of responsibility under U.S. Sentencing Guideline ("U.S.S.G.") § 3E1.1(b); (2) omitted to bring to the Court's attention Onasanya's eligibility for a safety value reduction under U.S.S.G. § 5C1.2(a)(5); (3) offered no objection to the assessment of two criminal history

2

points for having been convicted of the offense before the Court within two years of release from confinement; and (4) failing to counsel Onasanya to note an appeal of those alleged sentencing errors by the trial court.

To demonstrate ineffective assistance of counsel, a defendant must show first that counsel's representation was deficient, and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, a defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697. To prevail, petitioner must demonstrate a "reasonable probability of a different outcome." *Lenz v. Washington*, 444 F.3d 295, 303 (4th Cir. 2006) (internal quotation marks and citations omitted).

At the time of his guilty plea, as well as during the sentencing proceedings, Onasanya was represented by two attorneys whom he retained—Kevin J. Keating, Esquire, a member of the New York bar, and James Maloney, Esquire, who practices

regularly before the United States District Court for the Eastern District of Virginia and

served as local counsel.

In his first claim, Onasanya challenges the wisdom of trial counsel in not

strenuously objecting to his failure to receive a third point for acceptance of

responsibility, pursuant to U.S.S.G. § 3E1.1(b). That section of the guidelines, entitled

"Acceptance of Responsibility" provides as follows:

> If the defendant qualifies for a decrease under subsection (a), the offense
> level determined prior to the operation of subsection (a) is level **16** or
> greater, and upon motion of the government stating that the defendant has
> assisted authorities in the investigation or prosecution of his own
> misconduct by timely notifying authorities of his intention to enter a plea of
> guilty, thereby permitting the government to avoid preparing for trial and
> permitting the government and the court to allocate their resources
> efficiently, decrease the offence level by **1** additional level.

U.S.S.G. § 3E1.1(b).

By letter dated August 10, 2011, the United States informed defense counsel that

in order to receive the extra point reduction provided by U.S.S.G. § 3E1.1(b), the

defendant must enter a plea of guilty no later than September 2, 2011. This deadline,

according to the letter, was necessary in order for the government to avoid extensive trial

preparation. (Gov't's Resp. to § 2255 Mot., Ex. A, ECF No. 102-1.) As the trial record

reflects, the defendant entered his plea of guilty on the morning of his scheduled jury

trial. Therefore, Onasanya was not entitled to the additional one point reduction, and no

argument of counsel could have persuaded the Court to the contrary.

It appears from his nebulous and disjointed memorandum that Onasanya confuses

a reduction in sentence for acceptance of responsibility with a reduction based upon

substantial assistance. During the sentencing hearing, the Court was advised by the United States that Onasanya had been debriefed that morning and that a future reduction for substantial assistance under Federal Rule of Criminal Procedure 35 was possible. The Court did advise Onasanya at that time that should he elect to provide such cooperation, he would receive full credit.[2] No motion under Rule 35 was filed in this case.

Although difficult to comprehend fully as presented, Onasanya also argues that his trial counsel failed to press the Court for a reduction of his criminal history category based upon the so-called "safety value" provided under U.S.S.G. § 5C1.2. This section, entitled "Limitation on Applicability of Statutory Minimum Sentences in Certain Cases," enables defendants who meet certain specified criteria and who are charged under 21 U.S.C. § 841, *et seq.*, with drug trafficking offenses carrying a mandatory minimum sentence, to receive a sentence below the minimum required by statute. Application of this provision is quite limited and, obviously, Onasanya did not qualify for such treatment. Any motion raised by his trial counsel seeking such relief would have been futile, if not absurd.

---

[2] The statement to Onasanya was as follows:

> I also want to tell you that should you decide – and it's strictly your decision to make – to provide substantial assistance to the United States, you will get credit for everything you do. That's your decision that you have to make. I think that's one of the true indications of contrition. Because when you come forward and cooperate and help them protect other people's credit from being ruined and their money stolen, that gives a signal to the people you've been involved with that you don't want to be involved anymore. And to me it sends a very strong signal that you've had a change of heart.

(Gov't's Resp. to § 2255 Mot., Ex. B at 9.)

The next facet of his ineffective assistance of counsel claim is equally ill-conceived. Onasanya finds fault with his counsels' failure to oppose a two-point enhancement to his criminal history category for having "committed the instant offense less than two years after release from imprisonment." U.S.S.G. § 4A1.1(e) (2009 Ed.). Onasanya argues that as a result of receiving this two point increase, it elevated his Criminal History Category from III to IV, resulting in a sentencing range of 70 to 87 months, rather than 51 to 70 months. Onasanya maintains that his counsel was ineffective for failing to advise the Court that § 4A1.1(e) had been repealed more than one year prior to the date of Onasanya's sentencing.

The only portion of Onasanya's argument on firm factual footing was his receipt of a two level increase in criminal history points. The points, however, were not accessed under § 4A1.1(e) for conviction two years after release from confinement. The additional points were levied under § 4A1.1(d), which provides for two additional points "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(d) (2011 Ed.). Worksheet C of Onasanya's presentence report, paragraph 5 states, "On March 15, 2006, the defendant was sentenced to 16 months imprisonment and 5 years supervised release for a conviction of Bank Fraud. The defendant was released from custody on July 5, 2007, and he was serving this term of supervised release when he committed the instant offense." (Presentence Report at 33, ECF No. 61.)

6

The United States probation officer determined that Onasanya had eight criminal history points placing him in Criminal History Category IV. He received three criminal history points for his 2000 conviction in the United States District Court for the Eastern District of New York, for attempting to possess fifteen or more unauthorized credit card numbers. Four years later, in 2004, he was convicted of bank fraud in the United States District Court for the Eastern District of New York and received a sentence of sixteen months of confinement, followed by five years of supervised release. Since his offense in the immediate case occurred during that five year period of supervised release, he was assessed two additional points. Given the obvious accuracy of the probation officer's computation of Onasanya's criminal history, trial counsel had no grounds to interpose an objection.

Viewing the record as a whole, Onasanya fails to demonstrate that his trial counsels' representation fell below an objective standard of reasonableness. Counsels' tactical decisions appeared well-calculated and based on sound judgment. Decisions pertaining to "trial strategy and tactics such as what evidence should be introduced, what stipulation should be made, what objection should be raised," resided with trial counsel. *Sexton v. French*, 163 F.3d 874, 885 (4th Cir. 1998) (internal quotation marks and citation omitted); *see also United States v. Chapman*, 593 F.3d 365, 368 (4th Cir. 2010). Winnowing out weak arguments is a hallmark of good advocacy. *Smith v. South Carolina*, 882 F.2d 895, 899 (4th Cir. 1989).

Furthermore, to prevail under 28 U.S.C. § 2255, Onasanya must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

7

proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Not only has Onasanya failed to show deficient representation by his counsel, but also failed to demonstrate the probability of a different outcome had counsel misguidedly pursued the suggestions belatedly offered by Onasanya. In fact, a different outcome would have literally been a legal impossibility.

Despite Onasanya's challenges to the wisdom and judgment of his counsel, he has not demonstrated that their performance was inadequate, ineffective, or prejudicial. Onasanya's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 will therefore be denied.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Onasanya has not satisfied this standard. Accordingly, a certificate of appealability will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Jan. 15 2015
Richmond, VA